BUCKFIELD BRANCH RAILROAD COMPANY, *in Error*,

*versus*

SAMUEL P. BENSON.

The general appearance of an attorney, without seasonable objection, is a waiver of any defect or want of service of the writ.

Notes filed in a case constitute no part of the record, and although not corresponding with those described in the declaration, cannot be regarded as error.

The facts in this case were agreed by the parties, and appear in the opinion of the court. The action is brought to reverse a judgment recovered in 1851 against the present plaintiffs.

*T. Ludden*, counsel for the plaintiffs.

*J. O'Donnell* and *Bradbury & Morrill*, counsel for the defendant.

CUTTING, J. So far as we can ascertain from the arguments of counsel, not having been furnished with a copy of the errors assigned, the plaintiff in error seeks to reverse the original judgment for certain defects apparent upon the record, from which it appears that the writ was issued on the twelfth day of May, 1851, and entered in court, and judgment rendered upon a default, on the thirteenth day of the same month. It further appears that Mr. Parris, purporting to act as the president and attorney of the company, acknowledged service of the writ by his endorsement thereon, and thereby "waived all objections to service by a competent and proper officer," and further of record that he appeared and answered to the action.

To say nothing respecting the impropriety of the party by himself or his attorney acknowledging service of a writ, as has sometimes been practiced, we think that the general appearance of the attorney without seasonable objection to the legal pendency of the process, was a sufficient waiver of

any defect or want of a sufficient service. Maine Bank v. Hervey, 21 Maine R., 45, and cases cited. If such appearance should be unauthorized or fraudulent, the guilty party might be liable to respond in damages, and the injured party would be entitled to his writ of review. But such an act cannot be assigned as an error in law to contradict or impeach the validity of the record, for otherwise a suit might become interminable.

Another error assigned and relied upon is, that the notes filed in the case do not correspond in every particular with those described in the declaration. And on inspection, it does appear that the note of May 12, 1851, for $38,73 was not legally negotiable, although alleged to be such, and transferred to the original plaintiff. But this court, in another case, when considering this very question with reference to these same notes, upon the authority of Storer v. White, 7 Mass., 448, and Pierce v. Adams, 8 Mass., 383, have settled *that*, " the notes or other proof used as evidence in ascertaining damages, constitute no part of the record, and cannot be regarded in case error should be brought to reverse the judgment in which they were offered." Came v. Brigham, 39 Maine R., 38.

The other errors assigned are of less magnitude, and if of any importance, come within the principle already considered. The judgment must therefore be affirmed, with costs for the defendant in error.